if it's a little bit delayed. But obviously happy to hear in our first case, 21-2003, Miller v. Charlotte-Mecklenburg Schools. Counsel, we're happy to hear from you. Morning, your honors, if it please the court. My name is Andrew Cuddy, attorney for the appellant, Mrs. Sherri Miller, who is raising a child with autism, who during the course of her attempts to get his child classified with a disability, his IQ dropped 26 points, and he's now a 15-year-old who is functionally illiterate in high school. I wanna jump right to the primary case that the district is relying on, and that I believe this court will be looking closely at, and that is the Johnson School District case that recently was ruled on by this court. That case is at odds with four of the other circuits, the second, the ninth, the 10th, and the 11th. All of those circuits recognize that this federal IDEA statute allows the federal court to remand these matters back to have records further developed. In this case, that is a critical issue because in this case, the parent was never afforded that opportunity to have a due process hearing where she would be able to examine and cross-examine the witnesses before an impartial hearing officer. In this case, an administrative law judge. If you look at the joint exhibit, page 801 through 803, it's the administrative law judge's decision in this case. She did not cite to any facts. She did not cite to any evidence. She did not cite to any testimony. She issued a very summary decision on a summary judgment motion that was made by the district that deprived the parent of her chance to have that due process hearing that is afforded under the federal IDEA law. So, Counsel, what are you asking us to do with respect to Johnson? I believe that this court has to correct Johnson. I think that this court has the power under the IDEA to remand so that there is a full record for this court to review. In the IDEA... What if we disagree with you? I wanna hear your argument fully, but what if we disagree with you that Johnson is correct? What's the result? I think the result will be that in the Fourth Circuit, parents will not have their due process rights protected by this court. I think Judge Qualmah means what happens in this case. Assume that we conclude that... I mean, literally the reason we're starting late this morning is there was an en banc argument, and you're asking us to overrule a panel decision, which we have an en banc decision saying we can't do. So, assuming for the sake of argument that we, the three of us, can't do anything about Johnson, even if we wanted to, what does that mean for the outcome of this case? Not what does it mean for IDEA more broadly? I believe we will have to pursue it similarly, and we will have to have this circuit disparity resolved. So, let me rephrase it. If we conclude that Johnson is something that we can't do anything about, do we have any choice here other than to either affirm or dismiss? Is there anything you're asking us to do even positing that Johnson is correct and that we're stuck with it? If you assume... I guess you have an argument that you win under Johnson. I guess maybe that's a more elegant way to put what I just said. If we were to win under Johnson? Yes, do you have an argument that if Johnson is good law and controlling, do you have an argument that you still win, and if so, what do you win on? No, I don't believe we will win. I believe this court will continue in an error that will need to be corrected. I think that the error that has occurred in Johnson is that there's a very narrow consideration of section 1415, Roman numeral I-2 of the IDEA, which talks about the parties right to appeal or take civil action if they're an aggrieved party. Clearly, here, the parent has taken her civil action. Clearly, she's an aggrieved party, and part of the reason that this is an error grievance that she has is that she was not afforded that IDEA right to the hearing. The other courts have acknowledged that they have an obligation to ensure that those rights to the due process hearing are afforded to the parent, and when those rights are infringed upon, they have remanded it back to the hearing officers for further development of the record and protection of those rights. This circuit has narrowly concluded that they can't remand back. One of the reasons that this court has relied on for not allowing that is what they believe is a prohibition for cross-system appeals, that this would go back to a state court. I think that's an error in the interpretation because the IDEA, even though in North Carolina, they have an administrative law judge who is in a state administrative law judge, this is a federal law that requires the states to implement the IDEA, and they're allowed some discretion in developing that system, but they're not allowed to develop a system that strips rights away, IDEA rights away from the families, which is exactly what happened here. If you look closely at this record, you will see that the district made a summary judgment motion at hearing. They had two of their staff provide affidavits to support their motion. The parent had an affidavit from an expert, an affidavit from herself to support opposition to their motion, and summary judgment was granted. However, there were issues in dispute. They had their people, their employees, saying the kid doesn't need classification, its disability doesn't rise to that level, and we had an expert saying that it did. So the hearing officer started this cascade of errors, and it's brought us here today. I think that relying on a cross-system appeals prohibition I think fails to recognize that these hearing systems set up in the states are required to comply with the federal IDEA law, and the court is not taking an opportunity to ensure that the state system is operating within the federal guidelines. Those other circuits all recognize that, that they can remand so that errors can be fixed at the hearing level. And another component of that is that the system that is set up by the states is in agreement with the federal government that if they want that federal money, they are going to comply with the system to provide for due process hearings for the parents. I think that the court should recognize that these IDEA rights are civil rights, that these civil rights of this family have been infringed upon, the parent has been disenfranchised by the process that has brought this case to this court, and the merits of this young man's case have not been ruled upon, they've not been heard. Thank you. Thank you, counsel. Mr. Caudill, happy to hear from you. Thank you, your honors. And may it please the court, I'm Chris Caudill from the Buncombe County Bar in North Carolina, here on behalf of Charlotte-Ledenburg Schools. I have a few prepared remarks that I'd like to give the court, but I would like to address as well some of the appellant's arguments, certainly answer any questions that you may have. This case for you today is brought under IDEA, and IDEA is a federal law that confers rights to parents of certain disabled children. But not every disabled child qualifies for an IEP under IDEA. Many disabled students, like the student in this case, can have their needs met through multi-tiered interventions and an accommodation plan, both of which were provided by Charlotte-Ledenburg Schools in this case. CMS responded to eight parent referrals over the period of seven years. CMS followed IDEA each and every time. Evaluations were conducted, eligibility was determined, and prior written notice was given to the parent each and every time. The student had passing grades, average test scores, and was still able to access the general education curriculum. And in some instances, Your Honor, under IDEA, parents fail to raise a valid IDEA issue, their claim lacks subject matter jurisdiction, their claims are moved, they fail to exhaust, or, as in this case as well, they fail to raise a genuine issue of material fact for a hearing. In those instances, Your Honors, IDEA does not prohibit the use of summary judgment, and North Carolina's law specifically allows it. North Carolina's process is sound, and the district court should be affirmed on the summary judgment. Now, I'd also, as well, like to address the issues that were raised with Johnson. First and foremost, Johnson happened after this case went up on appeal. Parties briefed the issues that did not include Johnson. Johnson was decided in December of 2021, CMS thereafter supplemented with that authority and filed a motion to dismiss in this court based on the holding in Johnson, which we believe was correct. Can I ask you about that, though? So, assume I agree with you that Johnson forecloses some of the forms of relief requests in the complaint, I don't see how it forecloses all of them. So, Johnson, as I read it, says, whether you call it jurisdiction or something else, this court, or no federal court, has the authority to basically engage in appellate review. So, you can't remand, because we're not doing appellate review. But that doesn't mean you, I mean, but on the other hand, their complaint asks for the court to order compensatory education. I don't think that's foreclosed by Johnson, is it? Johnson does not foreclose compensatory relief. There's a- So, there's no basis for dismissing their whole case under Johnson, is there? No, Your Honor. What they've asked, the relief requested is an annulment and a remand. Sure, and I understand that Johnson, I don't think, allows the court to order that. But it doesn't, I mean, so they ask, I'm looking at their complaint, it says award compensatory education. I don't think Johnson prohibits that. Or them cost expenses and attorney's fees. Now, they have to be prevailing to get that, but Johnson doesn't foreclose that. Grant other further relief as the court deems appropriate, doesn't foreclose that, right? So, at most, Johnson forecloses some of the forms of relief they've requested, right? No, Your Honor, I don't think it does. I think if you look at the complaint, my memory is that it was compensatory relief to be provided by an ALJ on remand. So, it kind of contemplates that, again, and I think you just heard it from the appellants. Right, it is contingent. Your argument is that the compensatory education requested is contingent on the remand, right? That it's own remand. And so, that request is not an independent request for the district court to order it, but is instead for it to be part of the consideration on remand. That is correct. Which would make sense, and that's what your colleague on the other side says. Yes, we agree. If you can't remand, which Johnson says you can't remand, then we're done. And it's not just Johnson. It's Johnson, it's Kirkpatrick, and it's also this court's recent opinion in KI, which affirmed Johnson just less than two months ago. So, I think the bigger concern for this court is that all the arguments you just heard, none of that was in any of response to CMS's motion to submit. To the extent there's any circuit split or any other authority that would contradict Johnson, that was not raised. And the first time that that's been even discussed is five minutes ago. Counsel, maybe it's not asked here, but Johnson wouldn't foreclose a parent and a parent student bringing an original IDEA case, seeking the relief available under that statute. Nor would it preclude a claim that a state's procedure is contrary to the federal statute. I mean, in other words, not allowing remand or appellate-type relief, as I recall from Johnson, doesn't preclude original action cases to enforce the statute's requirements. The question is, what relief is sought? And here, yeah, and I'm somewhat sympathetic to the appellate because Johnson came out after the complaint was filed. But at least as the request for relief is, you know, arguably it doesn't seek relief that we can now provide. I would say that the complaint in Johnson is almost identical in terms of relief requests. Well, it's true, but the facts were different. I mean, I don't want to... You know, the facts were different as the response to the motion to dismiss points out. There was a mootness issue. You know, there was... But anyway, I'm not sure that's worth going on. My main point was, I'm not sure Johnson precludes a plaintiff from obtaining, you know, the benefits of the federal statute. It just has to be sought from the district court rather than a remand. Do you agree with that? I'm not 100% sure I understand exactly the question. What I will say is... Well, so how about putting it this way? Say the complaint rather than... I pulled it up. Candidly, I'm a little confused what the reference to remand means in that section of the complaint. But assume for the sake of argument that you wrote a complaint asking the district court to grant compensatory education that says nothing about remanding to an ALJ. It just says, you know, request for relief. The district court should order compensatory education. That's what I want the district court to do. Do you agree that Johnson does not foreclose a complaint that says that? If it was properly... Yeah, right. We're properly exhausted. It's properly presented. I proved a violation of idea. And district court, when you agree with me that I have a proper idea claim that wins on the merits, the relief that I would like is that you, district court, order the defendant to provide compensatory education. Do you agree that's not... Johnson would say nothing to prevent you from doing that. Johnson speaks to the relief requested. Right, and here the relief requested is I want the district court in the first instance to order compensatory education. But federal district court judges are empowered to do, and this is in the plain language of IDA, I mean, they're empowered to receive the records from the administrative court. They are empowered to take additional evidence at the request of either party. Sure. Either party has requested additional evidence. Right. That is not on the table. And then... What's the answer to his question? I'm sorry. This question matters, right? So let's go back and answer that question, then explain it if you want to. But the question is, if they just ask for compensatory education, Johnson would not be a bar to their complaint. I think that's correct, Your Honor. Correct, okay. Johnson says that specifically, doesn't it? I mean, there just wasn't, it wasn't clearly pled, but it says specifically that, I'm pretty sure. I think the reason I'm trying to be straightforward with the court is that in order to have any compensatory relief, you have to first find a denial of faith. Of course. Right, that's exactly where I wanted to go, but we had to answer that question before we could go to the next question, right? So the next question is, but to do that, you would have to find that he's disabled, and that he, like for, I mean, there are multiple steps here, but that he's disabled, and that he needs these services, right? His sort of disability. He has one of the identified conditions, and he has a need for these services. But the district court would have to find that based on evidence that was given to the district court, either through the administrative record, or an additional fact finding that's made. That would be the determinate. If that were the procedural posture, and the hypothetical, that would be what the district court would do. And if instead, I guess what I'm trying to get to here is, if that's not the argument, the argument instead is, you didn't give me my procedural rights, and therefore give me compensatory education. That's not a proper claim, because it doesn't show your, I know we have acronyms everywhere, but either FAPE or IEP, or whatever the acronym we want to use. To get compensatory education, if properly pled, you've got to show that you're entitled to an IEP. That is, you have a disability, which means you have a condition, plus a need for services. Here's the easiest way, that is sort of a three-step process. Number one, there has to be a referral,  At the end of that evaluation, an IEP team, which includes the parent, makes a determination as to whether or not the child is eligible. Parent gets prior written notice of that eligibility decision, and they get information on what their rights are to challenge it. There's a one-year statute of limitations on bringing that. At the end of that process, if they disagree, they can file a due process petition, and that gets exhausted. If the parent does not like the outcome, or if the school board does not like the outcome, then they can bring an original action in federal court. But in order to get to that point, the crucial first step to that is that the child has to meet the definition of a child with a disability under IDA. And there's a specific definition for that. A disabling condition is not enough under IDA. Section 504, which is also a disability law, is much broader, and it allows for services and accommodations for disabled students. Not every child that gets a 504 plan will get an IEP. Have to meet- So I get that. Before the district court, was there any dispute about whether this child was receiving passing marks and advancing grade to grade? There was no genuine issue of material fact. Right, because the record that the district court had was he was making predominantly Bs and Cs, although occasionally there was an A mixed in, and that he had been advancing from grade to grade. And your point on that, I take it, is that means he doesn't meet the definition of disabled. And so even if there's some part of this that survives Johnson, that part is eliminated because the child is not disabled. There wasn't- Let me rephrase that. There wasn't evidence presented that the child was disabled. I'm not making a judgment about- I think that two cases that are cited in our brief that the district court also relied on, you look at the Forrest Grove case, which is a Supreme Court case. You look at the DeBrow case out of the 11th Circuit. They talk about there's no- Only children with disabilities, only children with disabilities that meet the definition under IDA. Those are the only children that are entitled to FAPE. So if they're not eligible, then there is no entitlement to FAPE under IDA at all. If they are eligible, then FAPE is provided through an IEP. And then parent, if they disagree with it, they can challenge the substance of it or they can challenge how it was implemented. But the DeBrow case and the Forrest Grove case draw a pretty clear line there that not every disabled child needs special education. That's what the IEP team in this- So what's- So what's- Let's just- I mean, here, this is hypothetical. A parent says, my child's eligible. You know, they give reasons why. You know, the IEP team is assembled. They look at all the evidence and they determine the child is not eligible. What's the- What's- How does- And let's assume that's wrong. I mean, you know, just blatantly wrong. How does a parent get relief for their child if an IEP team misses the vote on eligibility? Happy to answer that, Your Honor. So eligibility is- The first step would be to file a due process petition and raise eligibility as one of the issues that you're challenging. So is it your- They saw the due process hearing. Is it your position they didn't challenge eligibility? It is, Your Honor. And the district court found that what they raised, and that has been raised several times throughout the administrative proceedings and in the district court, claim- The fundamental claim that was raised here is a child fine claim. There's a distinction between child fine and challenging the eligibility decision. Child fine means- But do you really think- I mean, I hear you. If you look at the headings, none of them really say eligibility. They messed up on the eligibility. But isn't fundamental, or isn't it interwined with all their specific legal arguments, the basic argument that her child was eligible and they made a mistake? I mean- Let's assume that there wasn't an issue with eligibility. If there was, let's assume that it was properly raised. Okay. So this is where the summary judgment aspect of these proceedings comes into play. IDA doesn't speak about summary judgment. It's silent. There's nothing about summary judgment in IDA. And as you will see, I wouldn't say a majority, but a lot of states, I think there's seven states that are cited in this record. And the best evidence about summary judgment in terms of how it can be applied is from the appellant's own case law from the Second Circuit. So, and I'm jumping ahead because I think I'm understand where you're going. If you properly challenge eligibility, I know you say they haven't, but if they, either we disagree or someone does, you get to do that through a due process hearing. But you still must present genuine issues of material fact there. And there's nothing prohibited in the act that, there's nothing that prohibits a state utilizing the rules of civil procedure. If the district doesn't believe that there are, doesn't believe there's any genuine issues of material fact or there are issues of law that can be resolved, as in this case, the district can file a summary judgment motion. As in this case, it can be responded to with corresponding affidavits. A hearing can be heard, has happened in this case. And then the ALJ makes a decision on summary judgment. That doesn't violate IDA and it doesn't, it's allowed in a North Carolina law. So, you know, any claim, you know, 30,000 feet, that summary judgment is unlawful and that North Carolina's process violates IDA, at least is not a claim against Charlotte and Mecklenburg County schools. If anything, that really is a claim against the state. Well, no, the state decides how to, I mean, well, I hear you. I guess I see what you're saying. And could, back to one other, I mean, could, in your view, with Johnson, assuming it is, you know, good law and remains intact, I mean, could a plaintiff say, hey, this process, this utilization of the state rules of civil procedure, which in certain circumstances can say you don't get to go forward with a hearing because there's no genuine issues of material fact, could that claim be brought in federal district court that the utilization of the process you have of utilizing the rules of civil procedure, which at times mean no hearings, violate this federal statute? I don't think so, your honor. You don't think that can be brought, you don't think someone could say, hey, this whole system violates federal law? Oh, let me rephrase that. I think the way that was presented in this. Yeah, that's not what I'm talking about. I'm talking about as a matter of theory, hypothetically, could you say, North Carolina, you undermine IDEA with the way you have or implement? I think that there have been cases that have made those claims against state administrative agencies, the state, not individual education agencies. And there is a case cited in our brief that goes into that a little bit in detail. And also it's discussed in the JD case from the second circuit. In those cases, my memory is that both the school board and the state were defendants in those cases. Yeah. If I can, your honor, I think one follow-up to your point on eligibility earlier. Assuming eligibility was raised as an issue, summary judgment occurred, and there was no, I mean, on all the other parts, our brief goes into it in depth, but this is a student who had a private diagnosis of autism, just a diagnosis of autism. In order to be eligible under the category of autism for IDEA, there are several different requirements. You have to meet three out of four impairments, and the policies speak to exactly what that is. The team looked at that, found the child was not eligible. That is not disputed anywhere. Neither the affidavits, the evaluations, the parents' affidavit, none of that, none of those speak or even analyze those impairments or disagree with CMS's decision. And your honor, my time is drawing near, so I will conclude briefly. So we are asking that this court grant CMS's motion to dismiss under Johnson, Kirkpatrick, and KI. In the alternative, we believe the district court's order was very well-reasoned and persuasive and should be affirmed. That concludes my prepared remarks, but I'm happy to answer any other questions. Thank you, counsel. You've got some time in reply, counsel. Can you start with the question of whether the only relief you're seeking is a remand or whether you've made an affirmative case that your client is entitled to compensatory education? I believe, your honor, that the client is entitled to compensatory education. Which is a different question than the one I asked, right? So what I'm asking is, did you, your complaint in the federal system, did you ask only for a remand or did you put on evidence or provide argument that he was entitled to compensatory education? That is, he's disabled in a manner that qualifies for a FAPE IEP? Yes, that proof was in the record reviewed by the district court. Okay, and so what is the evidence that you put forward that he's disabled within the meaning of the IDEA? In the record, we had an independent psychologist testify about his need based on his disability for an IEP in special education services. That was in the administrative record in response to their motion for a summary judgment at the hearing level. And your argument is that you made that argument to the district court. And so where would I find that argument? I'm not gonna have that at my fingertips. Can I follow up with the court on that? Sure. If I may respond to the issue of us not asking for the eligibility issue, okay? If you look at page 11 of our initial brief here, it outlines what we asked for in that hearing request. And in that hearing request, we asked specifically that they failed to provide a FAPE and that they develop an IEP. Certainly that is identifying that we wanted the kid eligible for special education if we're asking for an IEP. So I think that rather than be semantic about this- Can I ask a different, just a factual question that I asked your colleague, I wanna make sure. Is there a dispute that your client was receiving at the time, I don't care about today, but at the time the record reflected that your client was receiving A, B, and Cs and was proceeding from grade to grade? That is what the district's position is. And that is one of the reasons- Is there any evidence to the contrary to that fact? I understand you wanna talk about IQ and other things, but reading level, what I'm asking is, is there anything in the record that disputes those two facts? That the grades that he was receiving were A, B, and Cs and that he was progressing from grade to grade? I don't dispute that that is what the district was awarding him and that he was being progressed from grade to grade. But this is a child with a 74 IQ. So those grades and that progression from grade to grade is either a recognition that they've erred in not giving him an IEP or that the standards for a black boy in Charlotte-Mecklenburg are very low. Can I go back to something Judge Richardson just asked you? So he asked, where did you ask the district court for X? And you pointed to page 11 of your brief. Page 11 of your brief summarizes the relief you requested from the ALJ during the due process hearing. Where is it in the record that you asked for that relief from the district court? He actually said he didn't have an answer. Okay, okay, I'm sorry, I'm sorry. That was the elaborate question. I misheard you. 11 was about Judge Quattlebaum's question. He said he needed to follow up on my question. Understood. A real concern here is that because we were denied that hearing, we were not able to address through examination of their witnesses about these grades, about his progression from grade to grade. We were not able to develop that record for the district court to have that de novo review. And that's why- Did you seek to develop that record before the district court? We proceeded with it through the district court with summary judgment motions, which the court ruled on in the- And what I'm asking is, did you ask to develop, you know, the claim you're making, right, is that Charlotte-Mecklenburg was somehow at fault for giving your client passing grades and advancing him from grade to grade. Did you seek to develop that evidence before the district court? We did not, Your Honor. And relying on what other circuits had been doing, we believed that the record needed to be developed at that administrative hearing where there's some expertise. And for example, the district court's not gonna know in the context of compensatory education, the programs and the services that may be available. And that's why that administrative hearing process is so necessary where you have that expertise brought into the room. Well, but the district court plainly can say you're entitled to a FAPE and an IEP and compensatory education, right? I mean, and can enter an order that your client is entitled to such. Yes, Your Honor, it can. But the details of those things are the critical element for any student. Having an IEP that doesn't provide the appropriate services, having compensatory education- No, but that's a different argument, right? The first argument is you gotta have one. And then if they give you one and you don't like it, then you can complain that what they gave you wasn't good enough. But if you don't have one, the second argument doesn't seem to be the rub. Right, I mean, your client's not entitled to one. Right now, your client is not entitled to one. And so talking about how good it might be doesn't seem to be the right line. What am I missing there? What I think is missing is that the administrative process, the hearing process is set up for all this to be laid out so that when it does get to the district court, that record is there, right? It's limited exceptions that the district court takes in additional records. Perhaps in the Fourth Circuit, every case should go to the district court to be heard because the hearing officers are dismissing things when there's issues in dispute. Maybe that's what has to happen here, but I don't think that's an efficient way to do things. I think we have to force these hearing officers to do their job. I do wanna bring the court up to date about the student. It's my understanding that he is now classified by the district as of August 26, 2021. He does have an IEP. They do now recognize his autism and he continues not to receive what I believe to be appropriate services and is still functionally illiterate. Well. All right, so let's assume hypothetically that we're gonna take your factual development on the record here. Doesn't that just mean then your claim here is moot? No, Your Honor. Aren't we just done? Because I think what it then means is that the district failed to appropriately identify him as a student with a disability at the time and that since that time, he has been denied a fate. Yeah, that's one way to look at it. Another way to look at it is evidence was presented at a subsequent hearing and they came to a different conclusion. And that's our problem with talking about things that aren't in the record. We don't have all context. I agree. Appreciate the information. I'm glad he's got his IEP regardless of that. We obviously wish that we could come down and greet you as we would typically do. It's a long tradition here in the Fourth Circuit that we get a chance to come speak. We regret that we cannot do that. We hope to resume that process in relatively short order, but we certainly thank you for being here.
judges: Julius N. Richardson, A. Marvin Quattlebaum Jr., Toby J. Heytens